[Civil No. 965. Filed March 22, 1907.]

[89 Pac. 523.]

RILLITO CANAL COMPANY, Defendant and Appellant, v. FREDERICK SCHMIDT, Plaintiff and Appellee.

1. CORPORATIONS—AGENTS—APPOINTMENT—DISSOLUTION — REV. STATS. ARIZ. 1887, TITLE 12, REV. STATS. 1901, TITLE 13, SECS. 23-176, LAWS 1903, No. 82, CONSTRUED.—The general law of corporations, title 12, of 1887, *supra,* did not provide for the appointment of an agent for corporations thereunder. The Laws of 1901, title 13, *supra,* provided that all corporations organized thereunder should appoint a resident agent, but provided no penalty for noncompliance, and exempted all corporations theretofore organized from compliance unless they elected to come within its provisions. Act No. 82, *supra,* provided that whenever any corporation heretofore or hereafter organized or incorporated shall fail to appoint a *bona fide* agent of this territory, that certain persons shall be authorized to

XI Ariz.—4

institute proceedings for the dissolution of the corporation. *Held,* that Act No. 82 did not apply to any corporations except those organized under the act of 1901, or such corporations previously organized as have elected to come in under the provisions of such act.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. John H. Campbell, Judge. Reversed and remanded.

The necessary facts are stated in the opinion.

Owen T. Rouse, and Worsley & Van Dyke, for Appellant.

Kingan & Wright, and Frederick Felker, for Appellee,

KENT, C. J.—Schmidt, as a stockholder of the Rillito Canal Company, filed his verified complaint against the Rillito Canal Company, alleging that the defendant was a corporation organized in the year 1892 under the laws of the territory of Arizona, and the owner of certain property in the county of Pima, in the territory of Arizona; and alleging that the defendant corporation had failed to appoint a *bona fide* agent in the territory upon whom notices and processes might be served, and further had failed to file due notice of such appointment of such agent in the office of the auditor of the territory; and prayed that the defendant corporation be cited to appear and show cause why the corporation should not be dissolved, and that the court dissolve such corporation and appoint a receiver to take charge of its assets. Upon this complaint, and upon a citation to the corporation duly issued thereunder, the corporation appeared and filed a demurrer to the complaint, upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and thereafter filed an amended answer, in which it alleged that one A. J. Davidson had been since the organization of the defendant corporation its vice-president and acting general manager; that the corporation was not aware, and had no knowledge of the existence of Act No. 82, page 147, of the Session Laws of Arizona of the year 1903, requiring "corporations heretofore or hereafter organized under the laws of the territory" to appoint a *bona fide* resident of this territory as agent, and file notice of such appointment in the office of the auditor of the territory, until after the institution of this

action; that immediately upon being informed of the requirements of the law it proceeded to comply, and did in every way comply, with the requirements of said law, and did appoint the said A. J. Davidson as its resident agent, and did duly file notice of such appointment with the auditor; that the omission or failure of the defendant to appoint such agent and file notice of said appointment was not the result of any desire to violate any of the requirements of the laws of the territory, but resulted from the ignorance of the defendant as to the existence of such a law. To this answer the plaintiff interposed a demurrer, which was argued to the court and by the court sustained, and judgment was thereupon entered in favor of the plaintiff, dissolving the corporation and appointing a receiver to take charge of its assets. From this judgment, and an order denying a motion for a new trial, the defendant corporation has appealed to this court.

The defendant corporation was organized in 1892 under the incorporation act of the laws of 1887. At the time of its incorporation there was no provision of law which required corporations to appoint an agent or to file notice of such appointment. In 1901 the legislature passed a general incorporation law, known as title 13 of the Civil Code, which contained the following provisions:

"783. (Sec. 23.) All corporations organized under this chapter shall appoint a *bona fide* resident of this territory, who has been a resident of this territory for at least three years, its agent, upon whom all notices and processes, including service of summons may be served, and when so served shall be deemed taken and held to be lawful personal service on such corporation, and said notice shall be filed in the office of the secretary of the territory."

"926. (Sec. 166.) Any corporation now existing in this territory and formed under the laws thereof may, by a resolution of its board of directors, elect to come under and enjoy all the advantages of this title, and upon filing in the office of the secretary of the territory a copy of said resolution certified by the seal of said corporation and attested by the president thereof with the seal of said corporation, such corporation shall have the same powers, privileges and rights as though it had been erected under this title. .

"927. (Sec. 167.) No corporation formed or existing by virtue of and under the laws of this territory before the day on which this title takes effect is affected by its provisions,

unless such corporation elects to come under this title, as provided in the preceding section, but the laws under which such corporations were formed and exist are applicable to all such corporations and are repealed subject to the provisions of this section.''

No penalty was provided for a failure on the part of a corporation to make and file the appointment of the agent required by this act. By Act No. 29, page 55, of the Laws of 1903, the office of the auditor of the territory was substituted for the office of the secretary of the territory, as the proper office for the filing of all documents relating to corporations, including the appointments of such agents. In 1903 the legislature further passed an act, being Act No. 82 (concerning the dissolution of corporations), which, so far as applicable to the case before us, provided as follows: ''Section 1. That whenever any corporation heretofore or hereafter organized or incorporated under any law of this territory shall either: (1) Fail to appoint a *bona fide* agent of this territory (who is and has been a resident of this territory for at least three years) its agent upon whom all notices and processes, including service of summons may be served, and when so served, shall be, and be deemed taken and held to be lawful personal service upon such corporation; (2) or fail to file due notice of such appointment of such agent in the office of the auditor of the territory; (3) or (omitting numerous permissive provisions) then and in or on each, every or any of the foregoing cases, situations, provisions or conditions, either the attorney general of the territory, or any resident thereof, or any such corporation, or any stockholder or officer of any such corporation may bring, prosecute and maintain (either in the name of the attorney general or in his own name) an action in any court of record of this territory to have and procure a judicial dissolution and disincorporation of all its rights, privileges and franchises, and whenever it is made to appear to any such court by petition or complaint of any of the aforesaid parties that any one of the above-named cases, provisions or situations, or conditions exists in respect to any such corporation, such court shall herewith order or cite such corporation to appear before it (and service of such order may be made upon the corporation either personally or upon the auditor of the territory as heretofore provided in paragraph 1324 of the Revised Statutes of Arizona for service upon the secretary of the territory), and if, upon hearing of trial, it

be made to appear that any one of said causes, conditions or situations, or provisions exists, such court shall thereupon dissolve and disincorporate such corporation and forfeit and annul each and every of its rights, privileges and franchises.''

The appellee contends that the act of 1903 in its use of the word ''fail'' does not imply a previously imposed duty to be fulfilled, but that the language used was equivalent to saying ''that from the day this law becomes effective every corporation heretofore or hereafter organized under any law of Arizona shall appoint an agent, or suffer the penalty for not doing so,'' and contends that every corporation, whether organized prior or subsequent to the time that the act of 1901 went into effect, is by the act of 1903 required to make and file the appointment of such agent.

We do not so construe the legislative intent. The word ''fail'' imports to become deficient or lacking, to leave unperformed, to omit, to neglect. Century Dictionary; Bouvier's Law Dictionary. The act of 1901 required that all corporations organized under it ''shall appoint an agent.'' It omitted to provide any penalty for noncompliance therewith, and it exempted from such requirement all corporations theretofore organized, unless they elected to come in thereunder. When the legislature in 1903 provided that when any corporation however organized, ''shall fail to appoint'' such agent, and then used the exact language of the act of 1901, we think it was the intention to provide a penalty for a neglect to comply with the mandatory provisions of the law of 1901 with respect to such appointment, made incumbent upon all corporations organized under that act, or those previously organized who should elect to come under the provisions of such act, and not to create a new obligation irrespective of such former requirements. We hold, in the light of the former enactment, that the word ''fail'' implies in this instance a previously imposed duty, and is applicable only in case of neglect or omission to perform such duty; and that under the law the appointment of an agent is required only of those corporations that are organized under the act of 1901, or of such corporations previously organized that have elected to come in under the provisions of such act.

As the complaint showed that this corporation was organized in the year 1892, and as the complaint contained no allegation that the corporation had elected to come in under

the provisions of the law of 1901, the complaint failed to state a cause of action, since it did not show any duty resting upon such corporation to make such appointment, nor a failure to comply with any requirement of law applicable to such corporation; and the demurrer to the complaint should there-fore have been sustained.

The judgment of the district court is reversed, and the case remanded, with directions to that court to sustain the demurrer to the complaint, and for such further proceedings as may be necessary, not inconsistent with this opinion.

SLOAN, DOAN, and NAVE, JJ., concur.